UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ROBERT WARDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 13-99-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| A. MORROW and JOHN DOE, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Robert Wardrick is confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky. On May 13, 2013, Wardrick filed a document entitled "Administrative Remedy Procedure for Inmates Informal Resolution Form." [Record No. 1] The filing purports to challenge various conditions of his confinement.

On June 21, 2013, the Court gave Wardrick 28 days to re-submit his claims on the Court's approved complaint form, and either pay the filing fee or move to proceed *in forma pauperis*. [Record No. 2] Wardrick was warned that failure to comply with either of these directives would result in dismissal of the action for failure to prosecute. [*Id.*, p. 3] Wardrick was further advised that, because he had filed over thirty-five civil actions in various federal

courts,[1] he would be allowed to proceed as a pauper in this case only if he alleged that he faced imminent danger of serious physical injury in accordance with 28 U.S.C. § 1915(g). [*Id.*, n.5]

Twenty-eight days has passed, but Wardrick has failed to comply with any of the Court's directives. Litigants proceeding without counsel are not entitled to special consideration when they fail to follow readily understood orders. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Additionally, courts have the inherent power "'acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Santiago v. Crews*, No. 3:10CV–P131–S, WL 2960741, at *1 (W.D. Ky. July 26, 2010) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

Because Wardrick has not complied with the June 21, 2013 Order, this proceeding will be dismissed for failure to prosecute. Further, because Wardrick has a documented history of

---

[1] Seven of Wardrick's civil rights cases have been dismissed either as frivolous or for failure to state a claim upon which relief could be granted. These include: *Wardrick v. United States*, *et al.*, No. 6:11-CV-197-ART (E.D. Ky. 2011) (dismissing Wardrick's civil rights complaint as frivolous on initial screening on January 31, 2013) [Record Nos. 11, 12 therein]; *aff'd*, *Wardick v. United States*, No. 12-5228 (6th Cir. April 5, 2013); *Wardrick, v. USA*, No. 1:11-CV-01996-JFM (D. Md. 2011) (dismissing Wardrick's complaint alleging violations of the Freedom of Information Act, 5 U.S.C. §§ 552 and 552a(a)(1), on initial screening on September 11, 2011) [Record Nos. 2, 3 therein]; *Wardrick v. Valley Gun Smith, et al.*, No. 1:07-CV-01747 (D. Md. 2007) (dismissing Wardrick's 42 U.S.C. § 1983 complaint on initial screening on July 31, 2007) [Record Nos. 3, 4 therein]; *aff'd*, *Wardrick v. Valley Gun Smith, et al.*, No. 07-7245 (4th Cir. Nov. 27, 2007); *Wardrick v. Clerk of Andre M. Davis*, No. 1:07-CV-00912-WDQ (D. Md. 2007) (dismissing Wardrick's § 1983 complaint on April 26, 2007) [Record No. 3, p. 2 therein]; *Wardrick v. Clerk of Marvin J. Garbis*, No. 1:07-CV-00913-AMD (D. Md. 2007) (dismissing Wardrick's 1983 complaint on April 25, 2007) [Record No. 3, p. 2 therein]; *Wardrick v. Suzanne Mensh, Clerk, Circuit Court for Baltimore County*, No. 1:07-CV-00798-AMD (D. Md. 2007) [Record No. 3, p. 2 therein]; and *Wardrick v. Lehrman Dotson, et al.,* No. 1:05-CV-00241-AMD (D. Md. 2005) (granting the defendants' motion for summary judgment on September 28, 2005) [Record No. 27, p. 7 therein].

filing frivolous actions, and because he has failed to satisfied the statutory requirements of § 1915(g), he will remain liable for the entire $400 filing fee. *In re Alea*, 286 F.3d 378 (6th Cir. 2002). In *Alea*, the Sixth Circuit held that dismissal of an action under § 1915(g) for failure to pay the filing fee does not negate a prisoner's continuing obligation to pay the full fee. *Id*. at 381. As the court explained, "not requiring the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints — thus taking much valuable time away from other non-frivolous litigation — without any consequence beyond their mere dismissal under § 1915(g)." *Id*. at 382. Accordingly, it is hereby

**ORDERED** as follows**:**

1. Plaintiff Robert Wardrick's Complaint [Record No. 1] is **DISMISSED** for lack of prosecution. This matter shall be **STRICKEN** from the Court's active docket.

2. Plaintiff Robert Wardrick is assessed the $400.00 civil filing fee for this action. The Clerk of the Court shall open an account in Wardrick's name for receipt of the filing fee and shall serve a copy of this order and a notice of payment form (Form EDKY 525), complete with (a) Wardrick's name, (b) his inmate number, and (c) this case number, upon the warden of facility where Wardrick is currently confined. Wardrick's custodian shall submit payments from his inmate account, as and when funds are deposited therein, until the $400 filing fee has been paid to the Clerk of this Court.

This 30th day of July, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge